# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

FILED FEB 1 9 2009

WILLIAM B. GUTHRIE
Clerk, U.S District Court
By_____ Deputy Clerk

BIGLER JOBE STOUFFER, II, )
)
Petitioner, )
)
v. ) Case No. CIV 08-156-RAW-KEW
)
MARTY SIRMONS, Warden, )
)
Respondent. )

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, challenges the execution of his sentence, raising three grounds for relief:

I. Petitioner's First, Eighth, and Fourteenth Amendment rights to the compulsory procedures to redress grievances, due process, and "access to court" are sabotaged or denied when the warden fails to administer written agency procedures, controlling case laws, and constitutional amendments.

II. Petitioner's Fourteenth Amendment rights are violated as respondent's deliberate indifference creates ex post facto applications to administrative procedures to change petitioner's earned credits classification and eligibility rights, without due process of law.

III. Petitioner's First, Eighth, and Fourteenth Amendment rights to the compulsory procedures to redress grievances, due process of law, and "access to courts" are denied when respondent attorney fails to provide effective assistance of counsel to petitioner.

The respondent has filed a motion to dismiss the petition, alleging petitioner has filed another of his frivolous and vexatious lawsuits. The record shows that petitioner was

convicted of First Degree Murder in Oklahoma County District Court Case No. CF-1985-509 and sentenced to death. *See Stouffer v. State*, 147 P.3d 245, 246 (Okla. Crim. App. 2006), *cert. denied*, 549 U.S. 1352 (2007). He also was convicted of Shooting with Intent to Kill and sentenced to life imprisonment. *Id.* Because he is awaiting execution, he is not serving the sentence for Shooting with Intent to Kill.

According to the respondent, petitioner has failed to state a claim regarding earned credits, because his death sentence makes him ineligible to be awarded credits. It previously has been determined that, as a death-sentenced inmate, petitioner has no right to accrue earned credits. *See Stouffer v. Fields*, No. 95-6394, 1996 WL 200302 (10th Cir. Apr. 25, 1996). Furthermore, Okla. Stat. tit. 57, § 138, provides for deduction of earned credits from an inmate's "term of imprisonment," but petitioner's death sentence is not a term of imprisonment. In addition, the respondent alleges the earned credit law in effect when petitioner committed murder in 1985 also applied only to inmates who receive a "term of imprisonment," not to those sentenced to death. [Docket #27 at Exhibit 3]. Therefore, petitioner has no right to any earned credits, and Ground II of this petition is meritless.

Regarding Ground I of the petition, petitioner's claim regarding access to the courts is not proper for a habeas corpus matter. The issue, however, may be raised in a proper civil rights complaint, pursuant to 42 U.S.C. § 1983. Ground III also fails, because petitioner's attorney previously was dismissed as an improper respondent in this case [Docket #14].

**ACCORDINGLY,** the respondent's motion to dismiss [Docket #10] is GRANTED, and this action is, in all respects, DISMISSED.

2

IT IS SO ORDERED this 19th day of February 2009.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE